SILVER & SILVER  
By: Joseph F. Schwartz, Esquire  
Identification No.: 87550 and  
Zakary A. Rosenberg, Esquire  
Identification No.: 329292  
42 W. Lancaster Ave., Third Floor  
Ardmore, PA 19003  
(610) 658 – 1900

Arbitration Matter

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT  
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

M. K. a minor by Michael Kurhan, III, his guardian and Michael Kurhan, III, individually  
68 Llangollen Lane  
Newtown Square, PA 19073  
    v.  
Life Time  
2902 Corporate Place  
Chanhassen, MN 55317

Civil Action

No.:

### COMPLAINT-CIVIL ACTION
### 360 – Other Personal Injury

### **PARTIES**

1. Plaintiff, M.K., by and through his parent and natural guardian Michael Kurhan, III, is a minor individual residing at the above captioned address.

2. M.K. is a minor who was born on November, 27, 2007.

3. Michael Kurhan, III, is M. K.'s father and resides with M. K.

4. Defendant Life Time is a corporation doing business in the Commonwealth of Pennsylvania with corporate headquarters located at the above listed address.

## JURISDICTION AND VENUE

5. Jurisdiction and venue are proper in the United States District Court for the Eastern District of Pennsylvania. This court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332, for the following reasons:

    a. Plaintiffs are citizens of Pennsylvania;

    b. Defendant is a citizen of Minnesota;

    c. The acts and omission giving rise to this action occurred in the Eastern District of Pennsylvania;

    d. The amount in controversy exceeds $75,000, exclusive of interest and costs.

## FACTUAL AVERMENTS

6. This litigation arises from an incident that occurred at a spin class on July 9, 2022, at the Life Time fitness center located at 700 East Swedesford Road, Wayne, PA 19087.

7. At all times material hereto, Defendant Life Time, owned operated, possessed, controlled, maintained, and/or had apparent authority for the Life Time fitness center located at 700 East Swedesford Road, Wayne, PA 19087.

8. At all times material hereto, Defendant acted and/or failed to act by and through their employees, agents, servants, and/or representatives, who were acting within the course and scope of their employment on behalf of Defendant.

9. On July 9, 2022, Gail Moore took her minor son (M.K.) to a spin class at Life Time Fitness.

10. At all relevant times, Plaintiff M.K. was a business invitee lawfully on Defendant Life Time's premises.

11. Before the spin class began, the spin instructor strapped Plaintiff M.K.'s feet to the pedals of the spin class bike (hereinafter "the bike").

12. The spin instructor was aware that Plaintiff M.K. was 14 years old and had never taken a spin class before when he strapped in Plaintiff M.K.'s feet.

13. The spin instructor was the employee, agent, servant, and/or representative of Defendant acting in the course and scope of their employment on behalf of Defendant.

14. The spin instructor negligently strapped Plaintiff M.K.'s feet to the pedals of the bike, which resulted in the strap coming undone.

15. During the class, the strap on Plaintiff M.K.'s left foot became undone.

16. Suddenly and without warning, the pedal of the bike struck Plaintiff's unsecured foot, causing his ankle to fracture and throwing him off the bike.

17. At all times material hereto, Defendant Life Time owed a duty to adequately provided fitness services to business invites such as Plaintiff.

18. Defendant Life Time knew or should have known that the failure to adequately train and/or supervise their agents, servants, workmen, employees, and/or representatives posed a direct harm to business invitees such as Plaintiff.

19. Defendant Life Time knew or should have known that improperly strapping Plaintiff M.K.'s feet to the pedals of the bike posed a direct harm to business invitees such as Plaintiff.

20. At all times material hereto, Defendant Life Time owed a duty to business invites such as Plaintiff to adequately inspect and maintain its equipment, including the bike.

21. Defendant Life Time knew or should have known that improperly inspecting and maintaining the straps on the pedals of the bike posed a direct harm to business invitees such as Plaintiff.

22. Defendant Life Time knew or should have known that the failure to adequately train and/or supervise their agents, servants, workmen, employees, and/or representatives posed a direct harm to business invitees such as Plaintiff.

23. As a direct and proximate result of Defendant Life Time's failure to adequately train and/or supervise all business invitees on the incident date, Plaintiff was caused to injure his ankle and foot.

24. At all times material hereto, Defendant Life Time owed a duty to supervise, repair, maintain, inspect, and otherwise maintain responsibility for the safety of their equipment, so that same would be safe for the use of the business invitees and/or general public including Plaintiff.

25. Defendant Life Time knew and/or should have known of the dangerous, unsecure, and unsafe conditions of the bike strap and the likelihood that said dangerous conditions would cause injuries to invitees and/or the general public lawfully at the premises.

26. Defendant Life Time knew and/or should have known that fourteen (14) year olds, such as Plaintiff M.K., require adequate supervision, instruction, observation, and/or training while taking part in spin class, the lack of which would increase the likelihood that Plaintiff and other business invitees and/or the general public lawfully at the spin class could suffer injuries and/or harm.

27. At all relevant times, Defendant Life Time acted by and through their agents, servants, workmen, employees, and/or representatives, with those said individuals acting within the course and scope of their employment and/or agency.

28. At all relevant times, there was an obligation on the part of Defendant Life Time, to supervise, repair, maintain, clean, inspect, and otherwise maintain responsibility for the bikes, so same would be safe for use by business invitees, guests, and/or the general public, including Plaintiff.

29. On the incident date, Defendant Life Time's agents, servants, workmen, employees, and/or representatives, acting within the course and scope of their employment and/or agency failed to adequately supervise the activities of the minor Plaintiff.

30. On the incident date, Defendant Life Time and/or their agents, servants, workmen, employees, and/or representatives, acting within the course and scope of their employment and/or agency failed to supervise the activities of the servants, workmen, employees, and/or representatives of Defendant Life Time responsible for supervising and/or training and/or instructing the business invitees of the spin class.

31. The carelessness, recklessness, and/or negligence of Defendant Life Time, jointly and/or severally, consisted of, but was not limited to, the following:

    a. Failing to regard the rights, safety, and position of Plaintiff;

    b. Violating the standards of care owed to business invitees, such as Plaintiff;

    c. Creating and/or allowing a dangerous and/or defective condition to exist in or upon the premises;

    d. Improperly and unsafely strapping Plaintiff's feet to the pedals of the bike;

e. Failing to warn Plaintiff of the aforementioned dangerous and/or defective condition of the bike which Defendant knew or should have known;

f. Failing to take the necessary steps to ensure that the equipment and/or safety devices used in the spin class bikes were adequate to protect individuals such as Plaintiff from injuries such as the one sustained;

g. Failing to regularly and properly inspect the spin class bikes;

h. Failing to properly instruct Plaintiff;

i. Failing to properly instruct Defendant Life Time's agents, servants, workmen, employees, and/or representatives;

j. Failing to properly supervise the spin class;

k. Failing to exercise due care with regard to Plaintiff under the circumstances of the situation;

l. Failing to properly supervise Plaintiff's use of the spine class bikes and/or equipment;

m. Failing to assign an adequate number of agents, servants, workmen, employees, and/or representatives to supervise, train, oversee, monitor, and spot business invitees such as Plaintiff who were lawfully present at the premises;

n. Failing to properly instruct all agents, servants, workmen, employees, and/or representatives in safety involved in the use of all equipment and/or apparatuses located within the premises;

32. As a direct and proximate result of the above-mentioned acts and/or omissions of Defendant Life Time, M.K. sustained serious injuries including, but not limited to, left lateral malleolus fracture.

33. As a further result of the above mentioned acts and/or omissions of Defendant Life Time, M.K. has suffered and in the future will continue to suffer great pain, agony, mental anguish, and loss of life's pleasures.

34. As a further result of Defendant Life Time's acts and/or omissions, M.K. has been and will in the future be hindered and prevented from attending to his usual activities to his great detriment and loss.

35. As a result of Defendant Life Time's conduct, as described above, M.K. has been and will in the future be compelled to expend large sums of money for physicians, medicine and the like, in an effort to permanently and thoroughly cure himself of the injuries and suffering, which were brought about as a result of the acts and/or omissions taken by Defendant, including, but not limited to a United Health Care health insurance lien of approximately $4,082.36.

36. As a result of Defendant Life Time's conduct, as described above, M.K.'s father and natural guardian Plaintiff Michael Kurhan, III, has been and will in the future be compelled to expend large sums of money for physicians, medicine and the like, in an effort to permanently and thoroughly cure his son of the injuries and suffering, which were brought about as a result of the acts and/or omissions taken by Defendant, including, but not limited to a United Health Care health insurance lien of approximately $4,082.36.

37. As a further result of Defendant's tortious conduct, as described above, M.K.'s father and natural guardian Plaintiff Michael Kurhan, III, has incurred and will incur in the future other financial expenses or losses, which exceed or will exceed the amount which he may otherwise be entitled to recover.

## COUNT I – NEGLIGENCE
### M.K. v. Life Time

38. The preceding paragraphs are incorporated by reference as if fully set forth below.

**WHEREFORE**, Plaintiff M.K. respectfully requests this Honorable Court to enter a judgment in his favor and against Defendant Life Time, in an amount in excess of $75,000 dollars, in addition to interests, costs, and delay damages.

## COUNT II – NEGLIGENCE
### Michael Kurhan, III. v. Life Time

39. The preceding paragraphs are incorporated by reference as if fully set forth below.

40. Under Pennsylvania Law personal injury to a minor gives rise to two separate and distinct causes of action, one the parents claim for medical expenses and loss of the minor's services during minority, the other the minor's claim for pain and suffering and for losses after minority. Bowmaster ex rel. Bowmaster v. Clair, 933 A.2d 86, 88 (Pa.Super.2007).

41. Plaintiff Michael Kurhan, III, has incurred medical expenses as the result of the aforementioned injury to his son M.K.

**WHEREFORE**, Plaintiff Michael Kurhan, III, respectfully requests this Honorable Court to enter a judgment in his favor and against Defendant Life Time, in an amount in excess of $75,000 dollars, in addition to interests, costs, and delay damages.

SILVER & SILVER

Date: May 31, 2024

*Joseph F. Schwartz, Esq.*
Joseph F. Schwartz, Esquire